United States District Court
Southern District of Texas
**ENTERED**
May 11, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| SHALANNA JENKINS, § § Plaintiff. § § VS. § KILOLO KIJAKAZI, ACTING § COMMISSIONER OF THE SOCIAL § SECURITY ADMINISTRATION, § § Defendant. § | CIVIL ACTION NO. 4:21-cv-00790 |

## MEMORANDUM AND OPINION

Plaintiff Shalanna Jenkins ("Jenkins") seeks judicial review of an administrative decision denying her application for disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act (the "Act"). *See* Dkt. 1. Before me are competing motions for summary judgment filed by Jenkins and Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration (the "Administration" or "Commissioner").[1] *See* Dkts. 16 and 24. After reviewing the briefing, the record, and the applicable law, Jenkins's motion for summary judgment is **DENIED**, and the Commissioner's motion for summary judgment is **GRANTED**.

## BACKGROUND

Jenkins filed an application disability insurance benefits and supplemental security income in March 2019, alleging disability beginning on January 1, 2019. Her application was denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a telephonic hearing (due to the

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is automatically substituted as a party under Federal Rule of Civil Procedure 25(d).

COVID-19 pandemic) and found that Jenkins was not disabled. Jenkins filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to (1) whether the Commissioner applied the proper legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. *See Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (cleaned up). The ALJ uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4)

whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id.* Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

The ALJ found at Step 1 that Jenkins "may have engaged in substantial gainful activity since January 1, 2019, the alleged onset date." Dkt. 14-3 at 13. Notwithstanding, the ALJ decided to "continue[] with the sequential evaluation process." *Id.* at 14.

The ALJ found at Step 2 that Jenkins suffered from "the following severe impairments: spinal disorder, migraines, seizure disorder, carpal tunnel syndrome, obesity, depressive disorder, and anxiety disorder." *Id.*

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments.

Prior to consideration of Step 4, the ALJ determined Jenkins's RFC as follows:

> [T]he the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally balance, stoop, kneel, crouch and crawl; occasionally climb ramps or stairs; should never climb ladders, ropes or scaffolds; frequently handle and finger, and reach with the bilateral upper extremities; never work in hazardous environments such as at unprotected heights or around moving mechanical parts; is limited to

simple, routine, and repetitive tasks; and can work in a low stress job, defined as making only occasional decisions and tolerating only occasional changes in the work setting.

*Id.* at 17.

At Step 4, the ALJ found that Jenkins was "capable of performing past relevant work as a Parking Lot Attendant. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity." *Id.* at 22. Notwithstanding the Step 4 determination, the ALJ proceeded to Step 5, concluding that jobs existed in significant numbers in the national economy that Jenkins could have performed, including occupations such as:

- Electrode Cleaner (DOT: 729.687-014; SVP 1; Light; 5,000 jobs in the national economy);
- Marker (DOT: 209.587-034; SVP 2; Light; 36,3000 jobs in the national economy); and
- Usher (DOT: 344.677-014; SVP 2; Light; 16,700 jobs in the national economy).

*Id.* at 23. Ultimately, the ALJ explained:

Based on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate.

*Id.*

## DISCUSSION

This social security appeal raises two issues: (1) whether the ALJ's Step 4 determination is supported by substantial evidence; and (2) whether substantial evidence supports the ALJ's Step 5 determination. I address only the Step 5 issue.[2]

---

[2] At Step 4, a claimant carries the burden of demonstrating that she retained the residual functional capacity to perform her past relevant work. If the claimant fails to carry her Step 4 burden, she is not disabled, and the ALJ need not reach Step 5. *See* 20 C.F.R. § 404.1520(a)(4) (stating that a finding of not disabled or disabled at any step ends the analysis). Here, the ALJ found that Jenkins did not carry her Step 4 burden, but nonetheless proceeded to Step 5. *See* Dkt. 14-3 at 22–23. In this way, the ALJ determined that Jenkins is not disabled on both Steps 4 and 5. In considering an appeal with a substantially similar administrative outcome, the Fifth Circuit

At Step 5, to determine whether a claimant is disabled, the ALJ generally asks a vocational expert ("VE") whether a hypothetical person with the claimant's RFC can perform jobs that are available in the national economy. In this appeal, Jenkins argues that the hypothetical questions the ALJ posed to the VE were flawed because none of them included the "limitation that [she] can reach with her bilateral upper extremities on no more than a 'frequent' basis." Dkt. 16 at 8–9. Jenkins claims because of this flaw, the VE's testimony cannot constitute substantial evidence. Jenkins is mistaken.

The Fifth Circuit considered a substantially similar argument in *Alexander v. Astrue*, 412 F. App'x 719 (5th Cir. 2011). In *Alexander*, the ALJ neglected to mention Alexander's stooping physical limitation in the hypothetical posed to the VE. *See id.* at 722. The Fifth Circuit found that "this inaccuracy [did] not mean that the ALJ's findings were not supported by substantial evidence in the record," before going on to observe that none of the jobs identified by the VE required stooping. *See id.* Based on this observation, the Fifth Circuit concluded: "[I]f the ALJ had posed a hypothetical question that included the inability to stoop, the vocational expert's response would have been the same. This minor omission by the ALJ does not warrant reversal because it does not cast into doubt the existence of substantial evidence to support the ALJ's decision." *Id.* at 723 (quotation omitted). The same reasoning applies here.

It is true that the ALJ failed to accurately convey Jenkins's reaching limitation. However, none of the jobs identified by the VE require more than frequent reaching. *See* U.S. Dep't of Labor, *Dictionary of Occupational Titles* (*DOT*) 729.687-014, 1991 WL 679734 (electrode cleaner, requiring frequent

---

has explained that a court need not "consider the propriety of [an ALJ's] conclusion at step four" if the "conclusion at step five is both supported by substantial evidence and free from legal error." *Menchaca v. Barnhart*, 179 F. App'x 215, 217 (5th Cir. 2006). Based on this authority, I simply assume that Jenkins carried her burden at Step 4 and focus my attention on the ALJ's Step 5 determination.

reaching); 209.587-034, 1991 WL 671802 (marker, requiring frequent reaching); and 344.677-014, 1991 WL 672865 (usher, requiring occasional reaching). Thus, if the ALJ had posed a hypothetical question that included Jenkins reaching limitation, the VE's response would have been the same. *See Alexander*, 412 F. App'x at 723. In other words, reversal is inappropriate because the ALJ's error "does not cast into doubt the existence of substantial evidence to support the ALJ's decision." *Id.* (quotation omitted).

## CONCLUSION

For the reasons provided above, Jenkins's motion for summary judgment (Dkt. 16) is **DENIED**, and the Commissioner's motion for summary judgment (Dkt. 24) is **GRANTED**.

SIGNED this 11th day of May 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE